# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERT PARHIZGAR and
OZRA ESFANDIARI,

    Plaintiffs,

v.                                                        CASE NO. 8:20-cv-1188-T-02SPF

DENNIS MANNING,

    Defendant.

_____/

## ORDER

Upon careful and due consideration of Defendant's motion to transfer this case to the Ocala Division of the Middle District of Florida (Dkt. 16), the Court finds the motion should be granted. The county within the Middle District with the "greatest nexus . . . giving due regard to the place where the claim arose and the residence or principal place of business of the parties" is Marion. *See* Local Rule 1.02(e), M.D. Fla.

This case involves a dispute between the Plaintiffs as owner of several thoroughbred racehorses, together with the lender-lienholder, and the Defendant as horse trainer.[1] Both Plaintiffs are domiciled in Texas, and the Defendant lives in

---

[1] Plaintiff Parhizgar claims ownership to 12 of the 13 horses named in complaint. Plaintiff Esfandiari asserts a first lien on 11 of the horses, full ownership of one horse, and no interest in one.

Marion County, trains horses in Levy County,[2] and races horses in Hillsborough and Dade, or some other county located in the Southern District.[3]

Three counts of the complaint seek declaratory and injunctive relief, and four counts seek damages based on unjust enrichment, fraud, and conversion of six horses as well as proceeds from winnings and/or sales of all 13 horses named in the complaint. The allegations assert, as to 12 horses, Defendant-trainer without permission or authority entered them in races at Tampa Bay Downs and Gulfstream Park (not located in the Middle District), and either sold or gave some of them away, keeping the proceeds from the sales and the winnings. To carry out this plan, Defendant allegedly obtained ownership by tricking Plaintiff Parhizgar to sign bills of sale as seller of the 12 horses on all but three bills. Dkt. 1-2. The bills of sale identify Defendant as buyer and the consideration for the sale as "training bill owed." *Id*. They were executed by Defendant in Marion County before a notary public. *Id*. Plaintiff Parhizgar maintains he is the rightful owner of the 12 horses.[4]

---

[2] Levy County is located in the Northern District.

[3] The complaint alleges the Defendant trainer received payment to his Gulfstream Park account, "a thoroughbred racetrack in Miami." Dkt. 1 at ¶107. The sealed wire transfer, however, reflects an address located in a county other than Dade but still within the Southern District. Dkt. S1-4.

[4] A thirteenth horse is the subject of at least two of the counts. The Plaintiff Esfandiari, who is the lender for 11 of the 12 horses already discussed, claims full ownership of "Allgorilla" after writing a check to Defendant-trainer's Gulfstream Park account. Dkt. 1-3. Defendant maintains that the Gulfstream Park account is located in Broward County, which is not part of the Middle District. Dkt. 16 at 4. There is no allegation from either party that "Allgorilla" was ever stabled

In reviewing the complaint, exhibits, and motion, the Court finds the greatest nexus lies in the Ocala Division. *See Checkers Drive-In Restaurant, Inc. v. Titan Holdings, LLC*, No. 8:06-cv- 367-T-26TGW, 2006 WL 563116 (M.D. Fla. Mar. 8, 2006) (transferring case under Local Rule 1.02(e) and finding that even though plaintiff resided in Tampa Division, defendants were out-of-state and most of franchises at issue were concentrated in Orlando Division).  Neither the Plaintiffs nor the Defendant are domiciled or reside in the Tampa Division.  Defendant resides in Marion County, and the alleged fraudulent bills of sale were executed by Defendant there.  According to the complaint, two of the alleged converted horses were entered in races in Hillsborough County ("KP Creed" and "Drillomatic") and three in the Southern District ("Sir Seamus," "Smoke Alarm" and "Allgorilla").[5]  It is unclear, however, whether the conversions took place at the race tracks or at the stables in Levy County or somewhere else.  Because the allegations of fraud or trickery permeate the entire complaint and the fraud allegedly occurred in Marion County, the circumstances weigh heavily in favor of transfer to the Ocala Division.

Accordingly, the motion to transfer pursuant to Local Rule 1.02(e) (Dkt. 16) is granted.  The Clerk shall transfer this case to the Ocala Division of the Middle

---

in the Middle District or that any of the facts surrounding the conversion of this horse occurred in the Middle District.

[5] The last converted horse "Power Escapade" was given away.  Dkt. 1 at ¶. 41.  No location is stated.

District of Florida for all further proceedings. The Clerk is instructed to reassign this case to another district judge under the blind filing system established pursuant to the rules of this Court. The Clerk is directed to close this case after transfer is effectuated.

**DONE AND ORDERED** at Tampa, Florida, on June 17, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of Record
Defendant, *pro se*